IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            PLAINTIFF,<br>vs.<br><br>RAYMOND RICHMUTH,<br><br>            DEFENDANT. | CASE NO. 4:04-CR-00039-RRB-TWH-2<br><br>**REPORT AND RECOMMENDATION RE:**<br>**EX PARTE MOTION FOR APPROVAL OF**<br>**EXCESS CJA COMPENSATION** |

Pursuant to the District Court's Order that this Court conduct a hearing and make recommendations regarding the amount of compensation that should be paid to Mr. Gary Stapp for his representation of Raymond Richmuth a hearing was held on July 6th, 2006. During the hearing, Mr. Stapp related to this Court the following information:

   1) The client was a "difficult" client that required a lot of "hand holding". Mr. Stapp indicated the client repeatedly telephoned him regarding issues that had previously been discussed, and wanted to speak about tangential issues.

   2) Mr. Stapp relates that he spent a great deal of time reviewing numerous discovery items provided by the Government. He estimates there were over one-thousand items to review, and many of the discovery items had multiple sub-parts. Mr. Stapp stated he reviewed "boxes and boxes" of evidence.

   3) Mr. Stapp stated there was extensive negotiations with the Government regarding a possible plea agreement. These negotiations also involved discussions with the co-defendant's

attorney, Ms. M.J. Haden. Mr. Stapp stated further that there were frequent phone calls and face-to-face meetings with Ms. Haden regarding this case when she visited Fairbanks.

    4) Mr. Stapp related that the plea agreement offered by the Government included a fine of roughly twice the amount that was settled upon, and actual jail time. Jail time was not included in the final agreement, and a lengthy period of probation was negotiated.

    5) The record reflects that a superseding information was filed alleging a new count against Mr. Stapp's client. The new count alleged a violation of 16 U.S.C. § 1540 (e)(4)(A) and § 1540 (e)(5) Criminal Forfeiture. Mr. Stapp stated that a great deal of time was spent identifying and negotiating which items of evidence were to be forfeited and which were to be retained. Mr. Stapp said much of the evidence had been taken from a commercial enterprise in which his client was involved. As a result, not all of the items seized were forfeited.

    6) Mr. Stapp reported that the addition of the forfeiture count generated substantial discussions between him and his client regarding the nature of the property the Government wanted to seize and/or forfeit.

    7) Mr. Stapp stated that he initially believed the compensation for the case would be set at the felony level. The record reflects this case was filed as a misdemeanor, and his client did not waive his right to a trial before a District Court Judge.

    8) Mr. Stapp agrees that the total amount of compensation should be $5,524.48 (five-thousand five hundred and twenty four dollars and forty-eight cents), the same amount as recommended be paid by Mr. Rich Curtner. Mr. Stapp's voucher has been scrutinized by Mr. Curtner's staff and corrections were made in the number of hours actually spent on the case.

This Court believes this case was an unusual misdemeanor case. A substantial amount of time was spent discussing the ramifications of the plea agreement with the defendant, the Government, and co-defendant counsel. A thorough examination of numerous pieces of evidence was required not only to determine the item's relevance regarding the possible trial, but also whether the item should be forfeited as part of the plea agreement.

This Court, having reviewed the voucher submitted by Mr. Stapp, HEREBY RECOMMENDS that the amended voucher submitted to the District Court by the CJA panel administrator be APPROVED.

DATED at Fairbanks, Alaska, this 12th day of July, 2006.

                                      /s/TERRANCE W. HALL
                                TERRANCE W. HALL
                                U.S. Magistrate Judge